In the Matter of the Compensation
of Arnold L. Webber, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Petitioner,*

*v.*

## WEBBER et al,
*Respondents.*

(WCB No. 80-03390, 81-04831; CA A27731)

674 P2d 74

Donna M. Parton, Associate Appellate Counsel, SAIF, Salem, argued the cause and filed the brief for petitioner.

Martin J. McKeown, Eugene, argued the cause and filed the brief for respondent Webber.

Deborah S. MacMillan, Springfield, argued the cause for respondent EBI Companies. With her on the brief were Daniel L. Meyers and Moscato & Meyers, Springfield.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

SAIF appeals an order of the Workers' Compensation Board which affirmed the referee and held that claimant had suffered both an aggravation of his pre-existing injury for which SAIF was responsible and a new injury for which EBI was responsible. In our *de novo* review, we reject the holding of split responsibility and find that claimant sustained only a new injury.

Claimant initially injured his low back in 1976, while working for an employer insured by SAIF. He underwent a laminectomy and discectomy and was awarded temporary total disability through June 1, 1980. He completed an auto technology program at Lane Community College and began work in early June, 1980, at Springfield Rock Quarry as a dump truck driver, requiring him to do occasional tire changes. On August 14, 1980, he was changing tires, which each weighed approximately 250 pounds. After he changed the first three tires, he reported that his back was tired and sought assistance from his supervisor. Thereafter, when he attempted to change the fourth tire, he felt a sharp pain on his right side, from the middle of his back down his legs, necessitating that he quit work.

The referee and the Board awarded benefits from both SAIF and EBI on the theory that, when he changed the first three tires, he sustained an aggravation of his original injury and, when he changed the last tire, he sustained a new injury.

Claimant repeatedly testified that his back was merely tired after changing the first three tires. There is nothing in the evidence to indicate that, if he had not changed the fourth tire, he would have filed any claim for compensation or would have suffered more than a momentary tiredness in his back. Therefore, we view the tire changing on August 14, 1980, as a single incident, which must be either a new injury or an aggravation and cannot be both.

The determination of whether a claimant has suffered a new injury or an aggravation is controlled by our decision in *Boise-Cascade Corporation v. Starbuck,* 61 Or App 631, 638, 659 P2d 424; *rev allowed* 294 Or 792 (1983), in which we held:

"* * * [T]otal liability is assigned to the last employer, even though the prior injury may be the major cause of the claimant's disability following the second injury."

The second incident need only contribute independently to the injury to make the second insurer solely liable, even if the injury would have been much less severe in the absence of an existing condition. 61 Or App at 638. In this case, although there is a divergence in the medical evidence as to which accident was the major contributing cause of claimant's condition, the evidence is virtually uniform that the second incident contributed independently to his disability. That is consistent with the nonmedical evidence of claimant's having a sudden, sharp increase in pain as a result of the incident at the second employer and being unable to work after that date. We therefore find that he suffered a new injury, for which EBI is responsible.

Reversed and remanded for determination of the extent of disability.[1]

---

[1] EBI argues in its brief that SAIF failed to perfect the appeal as to them, because it did not specifically set out a verbatim portion of the record in its assignment of error and did not inform EBI that SAIF intended to appeal against it. The petition for review by SAIF indicates that both EBI and EBI's counsel were served with copies of the petition for review. EBI does not state that it did not actually receive the petition for review. The reason cited for review is: "The order on review should be reversed on the ground and for the reason that there was no aggravation as a matter of law." SAIF adequately perfected the appeal as to EBI. The imperfections in SAIF's brief did not require the court to search the record for review or otherwise hamper this court's review of the case. Therefore, although it is within our authority to strike the brief, ignore the issue or dismiss the appeal under ORAP 7.19(6) or ORAP 12.05(1), we decline to do so.